Booth, Ohief Justice,
delivered the opinion of the court:
This is a suit by a former officer of the Army to recover-$1,158 alleged to be due as rental and subsistance allowances, under sections 1246, 1252, and 1275, Revised Statutes. The stipulated facts are that Robert W. Miller, the plaintiff,, was on February 25, 1918, appointed second lieutenant, Field Artillery, Officers’ Reserve Corps, and was continuously on active duty until the date of his retirement. On November 16, 1925, while holding the rank of first lieutenant, the plaintiff received the following War Department Special Orders No. 271:
“ First Lieutenant Robert W. Miller, 8th Cavalry, having been found by an Army retiring board incapacitated *753 for active service on account of disability which is not the result of any incident of the service, and such finding having been approved by the President on November 14, 1925, was by direction of the President wholly retired from the service on that date under the provisions of section 1252, Revised Statutes. The provisions of section 1275, Revised Statutes, apply in this case.”
As a result of the foregoing orders the plaintiff received one year’s base pay, as provided in section 1275, Revised Statutes, but did not receive the allowances granted by the same section of the statute. The amount due as rental and subsistence allowance is not in dispute. The record discloses that the plaintiff was denied the benefit of section 1275 of the Revised Statutes upon the theory that section 24b of the Army reorganization act of June 4, 1920 (41 Stat. 759, 773, 787), repeals the applicable sections of the Revised Statutes. Section 1246, Revised Statutes, provides as follows:
“ The Secretary of War, under the direction of the President, shall, from time to time, assemble an Army retiring board, consisting of not more than nine or less than five officers, two-fifths of whom shall be selected from the Medical Corps. The board, excepting the officers selected from the Medical Corps, shall be composed, as far as may be, of seniors in rank to the officer whose disability is inquired of.”
Section 1252, Revised Statutes, is as follows:
“ When the board finds that an officer is incapacitated for active service, and that his incapacity is not the result of any incident of service, and its decision is approved by the President, the officer shall be retired from active service, or wholly retired from the service, as the President may determine. The names of officers wholly retired from the service shall be omitted from the Army Register.”
And the pertinent portion of section 1275, Revised Statutes, fixing the rate of pay, is as follows:
“ Officers wholly retired from the service shall be entitled to receive, upon their retirement, one year’s pay and allowances of the highest rank held by them, whether by staff or regimental commission, at the time of their retirement.”
The officials of the War Department observed the applicable sections of the Revised Statutes in retiring the plaintiff, and thereafter the Comptroller General in an exhaustive *754 opinion reviewed the case, and refused to allow the plaintiff’s claim for rental and subsistence allowances, upon the theory as above stated, insisting that under the act of June 4, 1920 {supra), the plaintiff was entitled to no more than his base pay.
The Army reorganization act, in so far as relied upon by the defendant (41 Stat. 773), reads as follows:
“ Sec. 24b. Classification of officers: Immediately upon the passage of this act, and in September of 1921 and every year thereafter, the President shall convene a board of not less than five general officers, which shall arrange all officers in two classes, namely: Class A, consisting of officers who should be retained in the service, and class B, of officers who should not be retained in the service. Until otherwise finally classified, all officers shall be regarded as belonging to class A, and shall be promoted according to the provisions of this act to fill any vacancies which may occur prior to such final classification. No officer shall be finally classified in class B until he shall have been given an opportunity to appear before a court of inquiry. In such court of inquiry he shall be furnished with a full copy of the official records upon which the proposed classification is based and shall be given an opportunity to present testimony in his own behalf. The record of such court of inquiry shall be forwarded to the final classification board for reconsideration of the case, and after such consideration the finding of said classification board shall be final and not subject to further revision except upon the order of the President. Whenever an officer is placed in class B, a board of not less than three officers shall be convened to determine whether such classification is due to his neglect, misconduct, or avoidable habits. If the finding is affirmative, he shall be discharged from the Army; if negative, he shall be placed on the unlimited retired list with pay at the rate of 2% per centum of his active pay multiplied by the number of complete years of commissioned services, or service which under the provisions of this act is counted as its equivalent, unless his total commissioned service or equivalent service shall be. less than ten years, in which case he shall be honorably discharged with one year’s pay. * * *
$ * * * * 5»
And it is provided in section 52 of the said act:
“ That all laws and parts of laws in so far as they are inconsistent with this act are hereby repealed.”
*755 The section just quoted provides a board with jurisdiction for a general classification of all officers of the Army each year. The language of the act as to the retention of some and the dropping of others is general. “ Class A, consisting of officers who should be retained in the service, and class B, of officers who should not be retained in the service,” without specifying reasons for the retention of one class and the non-retention of the other, leaves room for the contention of the plaintiff that the reorganization act in this respect was dealing specifically with the question of efficiency and personal conduct of the officers designated, and not the question of an officer’s retirement for physical disability. It is to be especially noted that an officer placed provisionally in class B, in the event of the affirmance of such a classification by the final classification board, is subjected in the matter of discharge and future pay to an investigation by a board of not less than three officers, limited expressly to an investigation as to whether his classification is ascribable to “ neglect, misconduct, or avoidable habits ”; retirement for physical disabilities is not mentioned and seemingly not included. If an absence of neglect, misconduct, or avoidable habits is found, then the officer is retired with prescribed pay, irrespective of his physical condition. This final board designated in the department as the “Honest and Faithful Board,” a designation adopted by Mr. Justice Clarke in his opinion in French v. Weeks, 259 U. S. 326, 330, is apparently circumscribed in its findings to ascertainment of the cause for the inefficiency of the officer, and if ascribable to natural limitations and temperament, unaccompanied by misconduct and avoidable causes, his prior services are to be recognized; if not, he is to suffer immediate discharge.
While the statute authorizes a comprehensive survey with respect to officers who should and should not be retained in the service, the process of discrimination unquestionably gives rise to serious doubts as to whether officers suffering from physical disabilities are included within its terms. The Supreme Court in French v. Weeks (supra) points out that the intent of the reorganization act is “ to provide for a reduction of the Army of the United States to a peace basis *756 while maintaining a standard of high efficiency,” and the Judge Advocate General of the Army, in an opinion announced June 14, 1920 (Ops. J. A. G. 210, 85), expressly held that section 24b of the national defense act was intended to cover cases of official inefficiency, whereas under prior laws no authority obtained to retire officers for causes other than physical and mental incapacity. Section 24b provides for annual classifications and during the interim officers unclassified are to be considered as in class A, eligible to promotion and entitled to all the perquisites of their rank and grade until the provisional board acts. If during this period of time an officer becomes, with or without his fault, physically incapacitated for performance of duty, he must, if the defendant’s contention is sustainable, be retained in the service, and perhaps promoted, notwithstanding his physical condition, until the annual meeting of the provisional board, whereas under section 1252 he may be immediately summoned before a retiring board and his case disposed of accordingly.
It is hardly possible that Congress overlooked the disposition of physical incapacity cases in this respect, especially so in view of section 1252, an act covering the situation and of ancient origin.
An officer encountering a physical breakdown, in nowise due to his own misconduct, should not be generally classified as one who should not be retained in the service, and somewhat stigmatized by a classification in class B, when his record discloses that the sole reason for his separation from the service is physical disability. Inability to continue in the service because of physical infirmities is a distinct cause, one which in many instances the officer may not anticipate or avoid. Congress has for many decades recognized this condition and provided for the contingency. The regulations of the Army — Army Regulations No. 605-200, promulgated October 1, 1925 — provide as 'follows:
“ Retirement proceedings under the provisions of existing law will not be denied an officer due to his provisional classification in class B. Should an officer appear unfit for retention in the service for physical reasons, the classification board will bring to the attention of The Adjutant General *757 the apparent physical incapacity of such officer and will report whether in their judgment he should be ordered before a retiring board. Should the officer himself claim the right to be retired on account of physical disability, he will make application therefor immediately upon receipt of notice of the provisional classification, or if the conditions believed to warrant his retirement for disability do not exist at the time the officer receives notice of his provisional classification in class B, but develop later, prompt application for retirement on account of such disability may be made, and such application may be received at any time prior to giving effect to the action of the final classification board placing the officer in class B. Such report or application will be brought to the attention of the Secretary of War for his decision as to whether further proceedings under section 24b, national defense act, as amended, will be suspended and the officer ordered to appear without delay before a retiring board. Should the officer be so ordered and the approved finding and recommendation of such retiring board be that the officer be not retired, proceedings under section 24b will then be resumed.”
The above regulations expressly recognize the distinction between inefficiency and physical disability, and extend to a class B officer under section 24b the right to appear before a retiring board and establish this cause as the reason for his retirement or discharge. That the War Department has continuously since 1925 construed the reorganization act as applicable to inefficiency cases and not physical disability ones, is clearly evidenced by the fact that in this case this officer was never placed in class B under section 24b by the provisional board of classification, never was finally classified by the final classification board, and none of the privileges of the act extended to him, or invoked by the department in accomplishing his final discharge from the Army. National Lead Co. v. United States, 252 U. S. 140.
The plaintiff is entitled to recover. Judgment for $1,158. It is so ordered.
Williams, Judge; LittletoN, Judge; GbeeN, Judge, concur.